IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARC PIERRE HALL,**

      **Plaintiff,**

v.                                                                   **Civil Action No.  5:20cv92**
                                                                    **(Judge Bailey)**

**UNITED STATES OF AMERICA,**
      **Defendant.**

## REPORT AND RECOMMENDATION

The plaintiff initiated this *pro se* civil action on May 7, 2020, by filing a complaint pursuant to the Federal Tort Claims Act. The complaint appears to involve four separate administrative tort claims filed with the Mid-Atlantic Regional Office of the Federal Bureau of Prisons. Simultaneously with his complaint, the plaintiff filed a Motion for Leave to Proceed *in forma pauperis*.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, *Ashley v. E. Dilworth*, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the

1

proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also Finley v. Doe*, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.).

The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision. *See, e.g.*, *Hall v. City of Charlotte*, No. 3:97cv186-GCM (W.D.N.C. Aug. 29, 1997) (dismissing complaint as frivolous); *Hall v. City of Charlotte*, No. 97-7349, 1998 WL 322605 (4th Cir. June 9, 1998) (appeal dismissed as frivolous); *Hall v. United States*, No. 1:00-cv-987-UNA (D.D.C. May 5, 2000) (dismissing complaint with prejudice for failure to state a claim upon which relief may be granted); *Hall v. Chater*, 3:98cv1940 (JCH) (case dismissed as frivolous) (D. Conn. Jan. 28, 1999).[1]

The undersigned acknowledges that the plaintiff alleges, among other things, that he had been denied an appropriate standard of medical care due to unreasonable and excessive delay in providing him adequate medical care. The plaintiff further alleges that this has caused a worsening of his physical injuries and imminent danger of serious physical injury. ECF No. 1 at p. 6. It appears that the plaintiff is alleging that he suffers from conditions which relate to pulmonary function, orthopedic and neurological issues as well as rheumatology and psychiatric problems.

---

[1] The undersigned notes that the plaintiff filed a <u>Bivens</u> action on March 24, 2020. The undersigned determined in that case that at least three of his prior civil cases qualified as strikes under the three strike provision. In his objections to the Report and Recommendation in that case, the plaintiff admitted that he "is subject to the PLRA's (3) strike provision." <u>See</u> ECF No. 14 at 3 in Civil Action No. 5:20cv59.

However, the plaintiff is proceeding under the FTCA, and accordingly, relief is limited to money damages; equitable relief is not available under the FTCA. *Talbert v. U.S.*, 932F2d 1064, 1065-66; *Peck v. Blessing*, 2006 WL 213736 (N.D. Cal. Jan. 27, 2006); *Ajaj v. United States*, 479 F.Supp.2d 501 (D.S.C. 2007). Therefore, allowing this case to proceed without prepayment of fees will not remove the plaintiff from "imminent danger of serious physical injury."

Accordingly, the undersigned recommends the plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g), and his pending Motion for Leave to Proceed in forma pauperis [ECF No. 2] be **DENIED**. The undersigned further recommends that the plaintiff's additional pending Motions {ECF Nos. 5 and 6} be **DENIED.** Finally, the undersigned recommends that the plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must refile the complaint with payment of the $400 filing fee.

The Plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

    The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

    IT IS SO ORDERED.

    DATED: May 12, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE