IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MARC PIERRE HALL,**

      Plaintiff,

v.                                                       **CIVIL ACTION NO. 5:20-CV-92**
                                                                **(BAILEY)**

**UNITED STATES OF AMERICA**,

      Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on May 12, 2020, wherein he recommends the Federal Tort Claims Act Complaint be dismissed without prejudice pursuant to the three-strikes rule.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b).  The docket reflects service was accepted on May 14, 2020 [Doc. 9].  Plaintiff timely filed his objections on May 19, 2020 [Doc. 11].  Accordingly, this Court will review the portions to which objection were filed under a *de novo* standard; the remainder of the R&R will be reviewed for clear error.

Magistrate Judge Mazzone recommends that this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), which states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This provision, which provides that prisoners who repeatedly file meritless lawsuits lose the right to proceed without prepayment of fees and costs, has become known as the "three strikes" provision.  The only exception to this provision is if "the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Magistrate Judge Mazzone found that at least three of plaintiff's prior civil cases qualify as strikes under this provision and that plaintiff has not made a colorable showing that this action should proceed under the exception to the three strikes provision. Thus, Magistrate Judge Mazzone recommends that plaintiff's case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Plaintiff's Objection does not dispute Magistrate Judge Mazzone's determination that at least three of his prior civil cases qualify as strikes under the three strike provision. Instead, plaintiff argues with the R&R's statutory construction of Section 1915(g) and the three strikes provision generally [Doc. 11]. Plaintiff further argues that he has stated a claim that he is under imminent danger of serious physical injury, and thus should be exempt from the three strikes provision.

Upon consideration of plaintiff's Objection, this Court finds that the same should be overruled. First, plaintiff's Objection begins by discussing the three strikes provision, arguing that the three strikes provision denies him meaningful access to the courts. Plaintiff also cites many cases in support of this proposition.

The problem for plaintiff, however, is that the vast majority of the cases he relies on discussed limitations district courts placed on frequent filers ability to file claims *before* the three strikes provision was enacted by Congress in 1996. Thus, most of the cases plaintiff relies on for support have since been abrogated. The law regarding this provision is clear. As the Seventh Circuit stated in **Lewis v. Sullivan**, 279 F.3d 526 (7th Cir. 2002):

> Seven courts of appeals have considered constitutional objections to § 1915(g). These arguments have been based on the due process right of

>access to the courts, the equal protection clause, the ex post facto clause, the first amendment right to petitioner for redress of grievances, and several others. None has succeeded. All seven decisions have held that § 1915(g) is constitutional.  See **Abdul–Akbar v. McKelvie**, 239 F.3d 307 (3d Cir. 2001) (en banc); **Carson v. Johnson**, 112 F.3d 818 (5th Cir. 1997); **Wilson v. Yaklich**, 148 F.3d 596 (6th Cir. 1998); **Higgins v. Carpenter**, 258 F.3d 797 (8th Cir. 2001); **Rodriguez v. Cook**, 169 F.3d 1176 (9th Cir. 1999); **White v. Colorado**, 157 F.3d 1226 (10th Cir. 1998); **Rivera v. Allin**, 144 F.3d 719 (11th Cir.1998).

279 F.3d at 528.  The **Lewis** court went on to explain that "there is no constitutional entitlement to subsidy. . . . Section 1915(g) singles out only a subset of prisoners—those who have established, by their own conduct, that they are among the abusers of the judicial system.  Requiring persons who have abused the *forma pauperis* privilege in the past to pay in the future is a sensible and modest step. . . . [E]veryone allowed to proceed *in forma pauperis* owes the fees and must pay when able; the line drawn by § 1915(g) concerns only the *timing* of payment. Section 1915(g) does not have a substantive effect. . . . [Section] 1915(g) effects no real limit on *access* to courts by prisoners who use their options carefully and responsibly."  *Id.* at 528–30.

This Court's review of plaintiff's Complaint reveals the same as Magistrate Judge Mazzone's review.  Plaintiff's Complaint lacks enough factual allegations for this Court to plausibly conclude that plaintiff is under imminent danger of serious physical injury.  Furthermore, the R&R correctly points out that plaintiff is proceeding under the FTCA, and

accordingly, relief is limited to money damages; equitable relief is not available under the FTCA. See *Talbert v. United States*, 932 F.2d 1064, 1065-66 (4th Cir. 1991). Therefore, allowing this case to proceed without prepayment of fees will not remove the plaintiff from "imminent danger of serious physical injury." For these reasons, plaintiff's challenges to the three strikes provision are unavailing. Thus, his objections in this regard are overruled.

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 8]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the plaintiff's FTCA Complaint **[Doc. 1]** is **DENIED** and **DISMISSED WITHOUT PREJUDICE** pursuant to the three-strikes rule. The plaintiff's Motion for Leave to Proceed IFP **[Doc. 2]**, Motion for Permission to File Additional Attachments and Exhibits **[Doc. 5]**, and Motion to Appoint Counsel **[Doc. 6]** are **DENIED AS MOOT**. The Clerk is **DIRECTED** to **STRIKE** this case from the active docket of this Court and to enter judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** May 29, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE